**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**RONALD WHITCOMB,**

    **Plaintiff,**

**v.**                                        **CASE NO. 5:13-cv-30-RS-EMT**

**CITY OF PANAMA CITY; FRANK
McKEITHEN, in his official capacity as
SHERIFF OF BAY COUNTY, FLORIDA;
CHRIS TAYLOR, individually; MARK
AVILES, individually; JEFFREY BECKER,
Individually; and SCOTT TEEPLE, individually,**

    **Defendants.**
_____/

## **ORDER**

Before me are Defendant City of Panama City's Motion for Summary Judgment and Memorandum of Law (Doc. 117) and Plaintiff's Response and Memorandum in Opposition to Defendant City of Panama City's Motion for Summary Judgment (Doc. 149).

## **STANDARD OF REVIEW**

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).

The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

An issue of fact is material "if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Wright v. Sandestin Investments, LLC,* 914 F. Supp. 2d 1273, 1278 (N.D. Fla. 2012). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should

be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

On September 21, 2010, Plaintiff filed a petition for dissolution of marriage. Doc. 148. The restraining order sought by Ms. Whitcomb on September 20, 2010, was denied on September 30, 2010. Doc. 148. According to Plaintiff, after September 19, 2010, Ms. Whitcomb prevented him from seeing their minor child. Doc. 148. In October, Plaintiff attempted to contact various agencies and programs for assistance in helping locate his minor son. Doc. 148. He was told by those agencies, including Bay County Sheriff's Office, Panama City Police Department, and the Department of Family Services, that because it was a civil matter the programs could not assist. Doc. 148. Subsequently, Plaintiff enlisted the aid of his children to locate Ms. Whitcomb and the minor child's location. Doc. 148.

On November 8, 2010, Plaintiff's adult children followed Ms. Whitcomb to the Health Department in Panama City, and contacted Plaintiff by telephone to inform him that Ms. Whitcomb and the minor child were there. Doc. 148. Although Plaintiff and Ms. Whitcomb disagree on what occurred in the Health Department parking lot, it is undisputed that the minor child, who was admittedly

forcibly taken from Ms. Whitcomb, was later located with Plaintiff in Walton County.  Doc. 148; Doc. 126-16, p. 7.

After Plaintiff's adult children obtained the minor child and placed him in Plaintiff's vehicle, Plaintiff left the Health Department parking lot.  Doc. 148.  Subsequently, Defendant Aviles, a law enforcement officer employed by the Panama City Police Department, and other officers, including Defendant Taylor, responded to Ms. Whitcomb's 911 call reporting the abduction of her three year old child.  Doc. 148.  On the 911 recording, Ms. Whitcomb reports that her estranged husband and she were going through a divorce, that her adult step-daughter and three men surrounded her in the Bay County Health Department parking lot and forcibly took her minor child, and that she had custody of the child.  Doc. 116-8.

Although Defendant Aviles, a supervisor in the chain of command for Defendant Taylor, was present for a short period of time at the Health Department, it is undisputed that he did not investigate Ms. Whitcomb's allegations, nor did he question Defendant Taylor about the thoroughness of his investigation prior to the completion of the probable cause affidavit.  Doc. 150, 154.  Instead, Defendant Aviles waited on Sergeant Smith, who directly oversaw the investigation, to gather information and then provide such information to him.  Doc. 122. Defendant Taylor was the lead investigator on the case. Doc. 118.

In addition to obtaining video footage from security cameras at the Health Department, Defendant Taylor interviewed Ms. Whitcomb. Doc. 118. During Ms. Whitcomb's sworn statement to Defendant Taylor, she reported that her soon to be ex-husband's daughter, Racheal, physically held her at her vehicle while three men she did not recognized grabbed her three-and-a-half year old son and placed him in a vehicle she did not recognize. Doc. 116-2. Throughout the interview, Ms. Whitcomb was adamant that she did not give Racheal or the three men permission to take the minor child and that she wanted to file criminal charges. Doc. 116-2.

While Defendant Taylor interviewed Ms. Whitcomb, the vehicle Ms. Whitcomb described in her sworn statement was located. Doc. 148. It was occupied by Racheal and a man later identified as Paul Hatfield. Doc. 148. However, the minor child was not located in the vehicle. Doc. 148. Racheal and Paul were brought to the station where Defendant Taylor proceeded to question them under oath. Doc. 118. While under oath, Racheal informed Defendant Taylor that the minor is Plaintiff's child, Ms. Whitcomb had been hiding him from Plaintiff, and that it was Plaintiff's idea to follow Ms. Whitcomb and forcibly take the minor from her. Doc. 116-3. Racheal admitted that as soon as Ms. Whitcomb came out of the health department, she forcibly held Ms. Whitcomb while her brother grabbed the minor and took him to their dad, who was waiting a few cars down. Doc. 116-3. Similarly, while under oath, Paul Hatfield corroborated

Racheal's statement and informed Defendant Taylor that Plaintiff personally told him to get the minor child. Doc. 116-4. Plaintiff does not dispute the authenticity and the accuracy of the substance of the recorded statements given to police by Healther Whitcomb, Racheal Whitcomb and Paul Hatfield. Doc. 148.

While on his way to Walton County, Plaintiff was contacted by an individual who identified himself as Chris Taylor[1], Detective for Panama City Police Department. Doc. 148. According to Plaintiff, during this conversation Plaintiff explained to Defendant Taylor that there were no formal custody orders in place. Doc. 148. However, the officer ordered Plaintiff to reveal his location and turn himself in on charges of kidnapping his minor son. Doc. 148. Plaintiff further contends that Defendant Taylor "told Plaintiff that he did not want to have to have law enforcement pull a gun on Plaintiff in front of" the minor child. Doc. 148.

Plaintiff eventually stopped his vehicle in Walton County, and the Walton County Sherriff's Deputies arrived. Doc. 148. Again, Plaintiff explained that there were no court orders in place preventing Plaintiff from having physical custody of his minor son. Doc. 148. The Walton County officers informed Plaintiff that because the Panama City Police Department was in the process of obtaining an arrest warrant they had to hold him. Doc. 148.

---

[1] Defendant Aviles and Defendant Taylor both claim that Plaintiff actually spoke to Defendant Taylor's supervisor, Sergeant Smith. Doc. 122.

Defendant Taylor executed a probable cause affidavit seeking a warrant for Whitcomb's arrest based on conspiracy to commit kidnapping. Doc. 148. In the probable cause affidavit, Defendant Taylor states that the Plaintiff, "did without lawful authority knowingly procure another **to take a three year old child from his mother** in the **absence of a court order determining custody or visitation**[,]" and he "did so by soliciting his" daughter, son, and daughter's boyfriend to locate and "take the child by force and deliver the child to him against the child's mothers will[.]" Doc. 116-5 (emphasis added). Plaintiff does not dispute that Judge Shane Vann determined that probable cause existed and issued a warrant for Plaintiff's arrest, but claims that the affidavit presented to the judge was not accurate or truthful. Doc. 148.

After the Panama City Police Department obtained the arrest warrant, Plaintiff was placed into custody and held at the Walton County Jail until November 13, 2010, when he appeared in front of Judge Overstreet. Doc. 148. Judge Overstreet found no probable cause for detaining Plaintiff pending further proceedings on the charge of Conspiracy to Commit Kidnapping. Doc. 116-10. On February 17, 2011, the Office of the State Attorney charged Plaintiff with Interfering with Child Custody. Doc. 116-11. However, on May 23, 2011, this charge was dismissed because the undisputed facts of the case did not establish a prima facie case of malicious intent. Doc. 116-12. Plaintiff admits that he has no

information or evidentiary support to suggest the police did anything to "lead to the alternate charge being filed against Plaintiff." Doc. 122, 150.

## ANALYSIS

*Count I: Fourth Amendment Arrest*

In Count I of Plaintiff's complaint, Plaintiff alleges that Defendant Aviles and Taylor, as agents for Defendant Panama City, violated the Fourth Amendment when Defendant Aviles failed to properly supervise Defendant Taylor during the arrest of Plaintiff, on November 8, 2010, without probable cause or other legal process. Doc. 149. Plaintiff further states "that but for Defendant City's policies and practices (or lack thereof), customs, or ratification, would he have suffered an erroneous arrest, detention and prosecution." Doc. 149. Defendant City claims that it is entitled to judgment as a matter of law because 1) Plaintiff was arrested pursuant to a facially valid warrant and/or 2) probable cause existed to arrest Plaintiff. Doc. 117. In the alternative, Defendant City claims that Plaintiff "cannot establish the City had a custom or policy that constituted deliberate indifference to Plaintiff's constitutional right." Doc. 117.

In order to establish a claim for municipal liability "under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.,* 139 F.3d 865, 872 (11th Cir. 1998). I found

that as a matter of law, Plaintiff was arrested pursuant to a facially valid warrant and that probable cause existed for the arrest of Plaintiff. Docs. 177, 178. Accordingly, Defendant Aviles and Defendant Taylor, as agents for Defendant Panama City, did not violate Plaintiff's constitutional rights. Therefore, it follows that Plaintiff cannot demonstrate the necessary constitutional injury for municipal liability under § 1983. *See Arrington,* at 872.

*Count II: False Arrest/Imprisonment*

In Count III, Plaintiff alleges that Defendant Aviles and Defendant Taylor, as agents for Defendant City, "falsely arrested and imprisoned him under Florida law." Doc. 149. Defendant City argues that it is entitled to judgment as a matter of law because there was probable cause for the arrest. Doc. 117. I agree.

Generally, for a false arrest and/or imprisonment claim under Florida law, a Florida municipality may be held vicariously liable for the tortuous conduct of its employees. Fla. Stat. Ann. § 768.28. Thus, in a state law false arrest claim, a governmental entity may be held liable if there is an "unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty[.]" *Johnson v. Weiner*, 155 Fla. 169, 171, 19 So.2d 699 (1944). Nevertheless, "[p]robable cause is an absolute bar to claims for false arrest." *Mills v. Town of Davie*, 48 F.Supp.2d 1378, 1380 (S.D. Fla. 1999).

Plaintiff has not met the standard to hold Defendant City liable because I have previously found that there was probable cause to arrest Plaintiff. Docs. 177, 178. Moreover, an arrest based on a valid arrest warrant precludes a false arrest claim. *See Jackson v. Navarro*, 665 So. 2d 340, 342 (Fla. Dist. Ct. App. 1995).

*Count IV: Negligence*

Lastly, in Count IV of Plaintiff's complaint, Plaintiff alleges that Defendant City, from the date of Plaintiff's arrest until his release, was negligent because it "knew or should have known that Plaintiff was not guilty of the crime charged and the charges should have been dropped." Doc. 1, ¶ 58. To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). As stated earlier, Plaintiff was lawfully arrested with probable cause. Therefore, Defendant City did not breach any duty of care it may have had for Plaintiff by detaining Plaintiff pursuant to a valid arrest warrant and probable cause.

## **CONCLUSION**

For the reasons articulated above, the relief requested in Defendant City of Panama City's Motion for Summary Judgment and Memorandum of Law (Doc.

117) is **GRANTED**.  The claims against Defendant City are **DISMISSED with prejudice**.

Because all the claims in this case have been dismissed with prejudice, the Clerk is directed to close this case.

**ORDERED** on January 3, 2014.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
